## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **OPTIMUM PROCESSING SOLUTIONS, L.L.C.,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **CIVIL ACTION NO. 1:09-CV-1098-BBM** |
| **ADVANCED MICRO DEVICES, INC., et al.,** | ) ) ) | |
| **Defendants.** | ) ) | |

### FREESCALE SEMICONDUCTOR, INC.'S ANSWER, ADDITIONAL DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

Defendant Freescale Semiconductor, Inc. ("Freescale") responds to the allegations and averments in Plaintiff Optimum Processing Solutions, L.L.C.'s ("OPS") Complaint as follows:

### <u>Nature of the Action</u>

1.      Freescale admits that the Complaint purports to set out an action for patent infringement; that U.S. Patent No. 5,115,497 ("the '497 Patent") is entitled "Optically Intraconnected Computer Employing Dynamically Reconfigurable Holographic Optical Element"; that the '497 Patent states on its face that it was issued on May 19, 1992; and that a copy of the '497 Patent was attached to the complaint as Exhibit A.  Freescale denies the remaining allegations of paragraph 1

to the extent that they relate to Freescale.  Freescale lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 to the extent that they relate to other Defendants and therefore denies those allegations.

## THE PARTIES

2.      Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and therefore denies those allegations.

3.      Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and therefore denies those allegations.

4.      Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and therefore denies those allegations.

5.      Freescale admits the allegations contained in paragraph 5.

6.      Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and therefore denies those allegations.

7.      Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and therefore denies those allegations.

8.      Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies those allegations.

9.      Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies those allegations.

10.      Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore denies those allegations.

11.      Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and therefore denies those allegations.

<u>**JURISDICTION AND VENUE**</u>

12.      Freescale admits the allegations contained in paragraph 12.

13.      Freescale admits that the Court has personal jurisdiction over Freescale.  Freescale lacks knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 13 to the extent they relate to other Defendants and therefore denies those allegations with respect to the other Defendants.

14.     To the extent that the allegations in paragraph 14 relate to Freescale, Freescale admits that venue is proper under 28 U.S.C. § 1391 and/or 1400.  To the extent that the allegations in paragraph 14 relate to other Defendants, Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations with respect to the other Defendants.

## FACTUAL ALLEGATIONS
### The Patent-in-Suit

15.     Freescale denies the allegations contained in paragraph 15.

16.     Freescale denies the allegations contained in paragraph 16.

17.     Freescale denies the allegations contained in paragraph 17.

18.     Freescale denies the allegations contained in paragraph 18.

19.     Freescale admits that paragraph 19 sets forth all the words of claim 1 of the '497 Patent.  Freescale denies any remaining allegations contained in paragraph 19.

20.     Freescale admits that paragraph 20 sets forth claim 11 of the '497 Patent.  Freescale denies any remaining allegations contained in paragraph 20.

21.     Freescale admits that paragraph 21 sets forth claim 16 of the '497 Patent.  Freescale denies any remaining allegations contained in paragraph 21.

## Defendants AMD's Products

22.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and therefore denies those allegations.

23.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and therefore denies those allegations.

24.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and therefore denies those allegations.

## Defendant Broadcom's Products

25.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and therefore denies those allegations.

26.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and therefore denies those allegations.

27.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and therefore denies those allegations.

## Defendant Freescale's Products

28.     Freescale admits that it uses, offers for sale, manufactures, or sells computer processor chips within the United States.  Freescale further admits that within the United States it uses, offers for sale, manufactures, or sells computer processor chips commonly known as i.mx51 and PowerQuiccIII.  Except as admitted above, Freescale denies any remaining allegations contained in paragraph 28.

29.     Freescale denies the allegations contained in paragraph 29.

30.     On current information and belief, Freescale admits that it does not have a license to the '497 Patent, but denies the remaining allegations contained in paragraph 30.

## Defendant Infineon's Products

31.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and therefore denies those allegations.

32. Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and therefore denies those allegations.

33. Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and therefore denies those allegations.

**Defendant Intel's Products**

34. Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and therefore denies those allegations.

35. Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 and therefore denies those allegations.

36. Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and therefore denies those allegations.

**Defendant IBM's Product**

37.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and therefore denies those allegations.

38.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and therefore denies those allegations.

39.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and therefore denies those allegations.

40.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and therefore denies those allegations.

**Defendant STMicro's Product**

41.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 and therefore denies those allegations.

42.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and therefore denies those allegations.

43.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 and therefore denies those allegations.

## Defendant Sun's Product

44.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 and therefore denies those allegations.

45.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 and therefore denies those allegations.

46.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 and therefore denies those allegations.

**Defendant TI's Products**

47.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 and therefore denies those allegations.

48.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 and therefore denies those allegations.

49.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 and therefore denies those allegations.

**Defendant Intel's Knowledge of the '497 Patent**

50.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 and therefore denies those allegations.

51.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 and therefore denies those allegations.

52.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 and therefore denies those allegations.

53.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 and therefore denies those allegations.

54.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 and therefore denies those allegations.

55.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 and therefore denies those allegations.

56.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 and therefore denies those allegations.

57.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 and therefore denies those allegations.

## COUNT ONE
### Allegations Against AMD

58.     Freescale restates its responses to paragraphs 1-3, 12-24, and 57 of the Complaint as if separately set forth herein.

59.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 and therefore denies those allegations.

60.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 and therefore denies those allegations.

## COUNT TWO
### Allegations Against Broadcom

61.     Freescale restates its responses to paragraphs 1-2, 4, 12-21, 25-27, and 57 of the Complaint as if separately set forth herein.

62.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 and therefore denies those allegations.

63.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 and therefore denies those allegations.

## COUNT THREE
### Allegations Against Freescale

64.     Freescale restates its responses to paragraphs 1-2, 5, 12-21, 28-30, and 57 of the Complaint as if separately set forth herein.

65.     Freescale denies the allegations contained in paragraph 65.

66.     Freescale denies the allegations contained in paragraph 66.

## COUNT FOUR
### Allegations Against Infineon

67.     Freescale restates its responses to paragraphs 1-2, 6, 12-21, 31-33, and 57 of the Complaint as if separately set forth herein.

68.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 and therefore denies those allegations.

69.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 and therefore denies those allegations.

## COUNT FIVE
### Allegations Against Intel

70.     Freescale restates its responses to paragraphs 1-2, 6, 12-21, 34-36, and 49-57 of the Complaint as if separately set forth herein.

71.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 and therefore denies those allegations.

72.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 and therefore denies those allegations.

73.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 and therefore denies those allegations.

## COUNT SIX
### Allegations Against IBM

74.     Freescale restates its responses to paragraphs 1-2, 6, 12-21, 37-40, and 57 of the Complaint as if separately set forth herein.

75.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 and therefore denies those allegations.

76.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 and therefore denies those allegations.

## COUNT SEVEN
### Allegations Against STMicro

77.     Freescale restates its responses to paragraphs 1-2, 6, 12-21, 41-43, and 57 of the Complaint as if separately set forth herein.

78.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 and therefore denies those allegations.

79.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 and therefore denies those allegations.

## COUNT EIGHT
### Allegations Against Sun

80.     Freescale restates its responses to paragraphs 1-2, 6, 12-21, 44-46 and 57 of the Complaint as if separately set forth herein.

81.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 and therefore denies those allegations.

82.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 and therefore denies those allegations.

<u>**COUNT NINE**</u>
**Allegations Against TI**

83.     Freescale restates its responses to paragraphs 1-2, 6, 12-21, 47-49 and 57 of the Complaint as if separately set forth herein.

84.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 and therefore denies those allegations.

85.     Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 and therefore denies those allegations.

<u>**OPS's PRAYER FOR RELIEF**</u>

Freescale denies that OPS is entitled to any relief from Freescale, either as prayed in the Complaint or otherwise.

<u>**ADDITIONAL DEFENSES**</u>

**FIRST ADDITIONAL DEFENSE**

1.     The Complaint fails to state a claim upon which relief can be granted.

**SECOND ADDITIONAL DEFENSE**

2.     Freescale does not, and did not, infringe any valid claim of the '497 Patent directly, indirectly, literally, or under the doctrine of equivalents.

## THIRD ADDITIONAL DEFENSE

3.     One or more claims of the '497 Patent are invalid for failure to satisfy one or more of the conditions for patentability in 35 U.S.C. § 100 *et seq.*, including without limitation §§ 102, 103, 112, 116, and/or 256.

## FOURTH ADDITIONAL DEFENSE

4.     OPS's claims are barred under the doctrines of waiver, estoppel, laches, and/or acquiescence.

## FIFTH ADDITIONAL DEFENSE

5.     The '497 Patent was the result of a collaboration of multiple researchers.  But only one of them–Larry A. Bergman–was named as an inventor on the Patent.

6.     Acacia Research Corporation ("Acacia") is the corporate parent of OPS.  OPS is a wholly owned subsidiary and the alter ego of Acacia.

7.     Acacia contends that the rights to the '497 Patent that were owned by California Institute of Technology ("Caltech") were assigned to Acacia in an acquisition that was announced in a May 3, 2007 Acacia press release.  OPS claims to own "all right, title, and interest in the '497 Patent" based on this alleged acquisition by Acacia from Caltech.

8.     OPS's predecessors-in-interest in the '497 Patent, including Caltech, did not own "all right, title, and interest in the '497 Patent" at the time of the alleged acquisition.

9.     To the extent OPS owns any right or interest in the '497 Patent, OPS is not the sole owner.  Every other entity that is an owner or co-owner of the '497 Patent is a necessary party.  This Action may not proceed because one or more necessary parties has not been joined.

## SIXTH ADDITIONAL DEFENSE

10.     OPS and its predecessors-in-interest in the '497 Patent have not complied with the requirements of the Bayh-Dole Act, P.L. 96-517, as amended. As a result of the failure to comply with the Bayh-Dole Act, OPS may not enforce the '497 Patent.

11.     Neither Acacia nor OPS is a manager of inventions for the purposes of the Bayh-Dole Act.  The assignment to Acacia is therefore void, and OPS lacks standing to bring this Action.

12.     The licensing agreement in which Caltech grants certain rights to Acacia concerning the '497 Patent does not comply with the requirements of 35 U.S.C. § 204.

## COUNTERCLAIMS

Freescale Semiconductor, Inc. ("Freescale") counterclaims against Plaintiff Optimum Processing Solutions, L.L.C. ("OPS") as follows:

## PARTIES

1.      Counterclaim-Plaintiff Freescale is a corporation organized and existing under the laws of the state of Delaware, with a principal place of business in Austin, Texas.

2.      On information and belief, Counterclaim-Defendant OPS is a limited liability company organized under the laws of Georgia with a principal place of business in this District.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202 as they arise under an Act of Congress relating to patents and the Declaratory Judgment Act.

4.      Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).  By filing its Complaint, OPS has consented to personal jurisdiction in this District.  Additionally, the Court has personal jurisdiction over OPS because it resides in this district.

5.     OPS has alleged that it owns United States Patent No. 5,115,497 ("the '497 Patent") and that Freescale has infringed the '497 Patent.

## CLAIMS FOR RELIEF

## DECLARATORY JUDGMENT COUNTERCLAIMS OF
## INVALIDITY AND NON-INFRINGEMENT OF THE '497 PATENT

6.     Freescale incorporates by reference the allegations in paragraphs 1-5 of its counterclaims.

7.     Freescale does not, and did not, infringe any valid claim of the '497 Patent directly, indirectly, literally, or under the doctrine of equivalents.

8.     One or more claims of the '497 Patent are invalid for failure to satisfy one or more of the conditions for patentability in 35 U.S.C. § 100 et seq., including without limitation §§ 102, 103, 112, 116, and/or 256.

9.     An actual controversy exists between Freescale and OPS regarding the alleged infringement and validity of the '497 Patent by virtue of OPS's allegation of infringement.

10.     A judicial declaration is necessary and appropriate so that Freescale may ascertain its rights with respect to the '497 Patent.

11.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Freescale is entitled to judgment from this Court that the '497 Patent was

never infringed by Freescale and that one or more claims of the '497 Patent is invalid.

## DECLARATORY JUDGMENT COUNTERCLAIM OF INVENTORSHIP

12.     Freescale incorporates by reference the allegations in paragraphs 1-5 of its counterclaims.

13.     An actual case or controversy exists between Freescale and OPS as to whether the inventorship of the '497 Patent is correct.

14.     A judicial declaration is necessary and appropriate so that Freescale may ascertain its rights with respect to the '497 Patent.

15.     Upon information and belief, Larry A. Bergman is not the only party who contributed to the conception of one or more of the claims of the '497 Patent.

16.     Freescale requests that the Court order that the inventorship of the '497 Patent be corrected to include as co-inventors each of those who contributed to the conception of one or more of the claims of the '497 Patent.

## PRAYER FOR RELIEF

WHEREFORE Freescale prays that:

(a)  the Court dismiss the Complaint against Freescale with prejudice;

(b)  the Court declare that Freescale has not infringed United States Patent No. 5,115,497;

(c)  the Court declare that one or more claims of United States Patent No. 5,115,497 is invalid;

(d)  the Court order correction of inventorship of United States Patent No. 5,115,497;

(e)  the Court declare that OPS is not entitled to any remedy or relief;

(f)  the Court award Freescale reasonable costs and attorneys' fees pursuant to 35 U.S.C. § 285; and

(g)  the Court award Freescale such other relief as this Court may deem just and proper.

## DEMAND FOR JURY

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Freescale respectfully demands a jury trial of all issues triable to a jury in this action.

Dated:       August 31, 2009                    Respectfully submitted,

s/ *J. Jason Williams*

David L. Witcoff (admitted pro hac vice)
E-mail: dlwitcoff@JonesDay.com
John M. Michalik (admitted pro hac vice)
E-mail: jmichalik@JonesDay.com
Ryan M. Hubbard (admitted pro hac vice)
E-mail: rmhubbard@JonesDay.com
JONES DAY
77 West Wacker Drive
Suite 3500
Chicago, IL  60601-1692
Telephone:   (312) 782-3939
Facsimile:    (312) 782-8585

John Jason Williams
Georgia Bar No. 142689
E-mail: jjwilliams@JonesDay.com
JONES DAY
1420 Peachtree St. NE, Suite 800
Atlanta, GA 30309-3053
Telephone: (404) 521-3939
Facsimile: (404) 581-8330

Attorneys for Defendant
Freescale Semiconductor, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2009 I electronically filed the foregoing

**FREESCALE SEMICONDUCTOR, INC.'S ANSWER, ADDITIONAL**

**DEFENSES, AND COUNTERCLAIMS TO COMPLAINT** with the Clerk of

the Court using the CM/ECF system, which will automatically send e-mail

notification of such filing to all attorneys of record who have consented to

electronic service.

 s/ *J. Jason Williams*                        
J. Jason Williams