# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **OPTIMUM PROCESSING SOLUTIONS, L.L.C.,** ) | **CIVIL ACTION NO.** 1:09-cv-1098-BBM |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **ADVANCED MICRO DEVICES, INC., BROADCOM CORPORATION, INTEL CORPORATION, STMICROELECTRONICS, INC., and SUN MICROSYSTEMS, INC.** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' MOTION TO STAY ACTION PENDING REEXAMINATION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

## TABLE OF CONTENTS

Page

I. SUMMARY OF THE ARGUMENT ..................................................................2
II. STATEMENT OF FACTS ...............................................................................4
    A. The Patent-In-Suit And OPS's Assertions ...........................................4
    B. Reexamination By The Patent Office ..................................................5
III. ARGUMENT......................................................................................................6
    A. A Stay Will Not Unduly Prejudice Or Present An Unfair Tactical Disadvantage To OPS ...........................................................7
    B. Reexamination Is Likely To Eliminate Issues And Narrow The Scope Of This Litigation ...................................................................9
    C. This Action Is Still In Its Early Stages................................................12
IV. CONCLUSION................................................................................................13

# TABLE OF AUTHORITIES

Page

**CASES**

*Datatreasury Corp. v. Wells Fargo & Co.*,
 490 F. Supp. 2d 749 (E.D. Tex. 2006) ................................................................. 9

*Ethicon, Inc. v. Quigg*,
 849 F.2d 1422 (Fed. Cir. 1988) ............................................................................ 6

*Gould v. Control Laser Corp.*,
 705 F.2d 1340 (Fed. Cir. 1983) .......................................................................... 12

*Grayling Indus., Inc. v. GPAC, Inc.*,
 No. 89-451, 1991 WL 236196, at *1 (N.D. Ga. Mar. 25, 1991) ........................ 12

*Graywire, LLC v. Ciena Corp.*,
 No. 08-2993, at 7 (N.D. Ga. July 17, 2009) ............................................... 6, 8, 11

*Imax Corp. v. In-Three, Inc.*,
 385 F. Supp. 2d 1030 (C.D. Cal. 2005) ................................................................ 8

*In re Swanson*,
 540 F.3d 1368 (Fed. Cir. 2008) ............................................................................ 5

*Photoflex Prods., Inc. v. Circa 3 LLC*,
 No. 04-03715, 2006 WL 1440363, at *2 (N.D. Cal. May 24, 2006) ................... 7

*Southwire Co. v. Cerro Wire, Inc.*,
 No. 08-92, at 7 (N.D. Ga. May 12, 2009) ................................................... 7, 9, 10

*Tomco Equip. Co. v. Se. Agri-Sys., Inc.*,
 542 F. Supp. 2d 1303 (N.D. Ga. 2008) ..................................................... 6, 8, 9, 12

*Unibind Ltd. v. Provo Craft and Novelty, Inc.*,
 No. 08-3713, at 4 (N.D. Ga. Feb. 27, 2009) ......................................................... 9

**STATUTES**

35 U.S.C. § 154(c)(1) ................................................................................................. 4
35 U.S.C. § 200 ........................................................................................................ 11
35 U.S.C. § 212 ........................................................................................................ 11
35 U.S.C. § 287 ........................................................................................................ 11
35 U.S.C. § 301 .......................................................................................................... 5
35 U.S.C. § 302 .......................................................................................................... 5
35 U.S.C. § 303(a) ..................................................................................................... 5
35 U.S.C. § 305 .......................................................................................................... 5
35 U.S.C. § 307 .......................................................................................................... 5
35 U.S.C. § 311 .......................................................................................................... 5
35 U.S.C. § 318 .......................................................................................................... 5
37 CFR § 1.530(j) .................................................................................................... 10

**OTHER AUTHORITIES**

Pub. L. No. 106-113, 113 Stat. 1501 (1999) ............................................................. 5

## I. SUMMARY OF THE ARGUMENT

Defendants respectfully request that the Court stay this matter pending the reexamination by the United States Patent and Trademark Office ("the Patent Office") of U.S. Patent No. 5,115,497 ("the '497 Patent"), the only patent asserted. Each of the three factors for determining whether to stay a case pending reexamination – (1) whether the proposed stay would unduly prejudice the plaintiff; (2) whether the stay will simplify the issues to be tried; and (3) whether discovery is complete and a trial date has been set – weighs strongly in favor of granting a stay.

*First*, the '497 Patent expired on May 19, 2009. For that reason, the potential for prejudice to Plaintiff Optimum Processing Solutions ("OPS") is minimal. Damages have ceased to accrue, and there is no possibility of an injunction. Accordingly, Defendants' continuing activities are not actionable and cannot harm OPS during the pendency of the stay.

*Second*, the Patent Office is likely to rule that some or all of the asserted claims are invalid. Reexamination is granted in 92% of *ex parte* requests, and some or all claims are amended or cancelled in 75% of *ex parte* reexaminations.

*See* Ex. A at 1-2.[1] Moreover, OPS cannot amend the claims because the '497 Patent has expired, making it even more likely that the claims will simply be found invalid.

Considerable resources will be conserved if this Court grants a stay and the Patent Office cancels claims. This is a particularly complex case. The accused products are microprocessors, some of the most sophisticated semiconductor chips manufactured today. OPS currently asserts infringement by five defendants and twenty-five families of accused microprocessors. Defendants have raised a large number of fact-dependent defenses. Extensive discovery involving third parties as well as OPS and the Defendants will be needed to resolve these claims and defenses. If the case is not stayed and the Patent Office ultimately cancels the asserted patent claims, a substantial amount of time and expense will have been wasted.

***Third***, the case is still in the early stages. No trial date has been set, nor has any claim construction hearing been scheduled. No depositions have been taken. No claim construction disclosures have been served. Like the other factors noted above, the early posture weighs strongly in favor of this Court granting a stay.

---

[1] All exhibit citations are to Exhibits A through M to the Declaration of Michael Sapoznikow in support of this motion.

## II. STATEMENT OF FACTS

### A. The Patent-In-Suit And OPS's Assertions

The '497 Patent was filed on October 1, 1987 and issued on May 19, 1992. *See* Ex. B. The patent expired on May 19, 2009. Ex. B; 35 U.S.C. § 154(c)(1); Ex. C at 10 (Response to Request for Admission No. 25). The '497 Patent is assigned to the California Institute of Technology ("CalTech"). *See* Exs. C and D. Although the Complaint states that "OPS is the owner by assignment of all right, title, and interest in the '497 Patent," Docket No. 1 ¶ 15, OPS has since revised its position and now claims to be merely an "exclusive licensee," not the owner of the '497 Patent. *See* Docket No. 87 at 2. CalTech is not a party to this Action.

OPS filed the Complaint on April 24, 2009, less than one month before the expiration of the '497 Patent. Docket No. 1. OPS currently asserts that five of the world's largest semiconductor manufacturers infringe the '497 Patent by making twenty-five different families of products. *See* Ex. E; Docket Nos. 121, 123. Some of these microprocessors have been on sale for many years. For example, the AMD Athlon processor was first sold in 1999, and the Intel Itanium processor was introduced in 2001. *See* Exs. F and G.

## B.     Reexamination By The Patent Office

After a patent has issued, "[a]ny person at any time" may request that the Patent Office reexamine the validity of the claims.[2]  35 U.S.C. § 302. Reexamination serves as an important "quality check" on potentially defective and erroneously granted patents.  *In re Swanson*, 540 F.3d 1368, 1375 (Fed. Cir. 2008) (quoting H.R. Rep. No. 107-120 (2002)).  Requests for reexamination are granted when they present "a substantial new question of patentability affecting any claim of the patent concerned."  35 U.S.C. § 303(a).

Defendant Advanced Micro Devices, Inc. ("AMD") filed a request for reexamination of the '497 Patent on December 18, 2009.  AMD's request for reexamination presents eleven substantial new questions of patentability, and is based on eleven prior art references not previously considered or discussed in the Patent Office record.  *See* Ex. H.  The Patent Office must decide within three months of the filing date "whether a substantial new question of patentability" exists.  35 U.S.C. § 303(a).  If the request is granted, the statute directs the Patent Office to perform the reexamination with "special dispatch."  35 U.S.C. § 305.

---

[2] Due to the age of the '497 patent, this patent is not eligible for *inter partes* reexamination, a procedure created by Congress on November 29, 1999.  *See* Pub. L. No. 106-113, 113 Stat. 1501 (1999) (adding new statutory sections 35 U.S.C. §§ 311-318).  Therefore, AMD's request for reexamination is *ex parte*.  *See* 35 U.S.C. §§ 301-307.

The average pendency of *ex parte* reexaminations completed in 2009 is 31.5 months. Sapoznikow Decl. ¶ 15.

## III. ARGUMENT

The decision to grant a stay is a matter of judicial discretion, derived from the Court's inherent power to manage its docket. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). This Court has previously recognized that "[t]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of" Patent Office proceedings. *Graywire, LLC v. Ciena Corp.*, No. 08-2993, at 7 (N.D. Ga. July 17, 2009) (attached as Ex. K) (internal quotations omitted). A stay pending the conclusion of a Patent Office reexamination should be granted when "the benefits provided by staying the litigation outweigh the potential drawbacks." *Tomco Equip. Co. v. Se. Agri-Sys., Inc.*, 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008). This Court has noted many potential benefits of granting a stay pending reexamination:

- If the asserted claims are cancelled, the suit will likely be dismissed;
- The outcome of the reexamination may encourage settlement;
- The reexamination record will likely be entered at trial, thereby reducing the complexity and length of the litigation;
- Issues, defenses, and evidence will be more easily limited in pretrial conferences following the reexamination;
- Many discovery disputes relating to prior art can be alleviated;

5

- The Patent Office will have an opportunity to apply its special expertise to examining the prior art; and
- Costs will likely be reduced for the parties and the Court.

*Id.* at 1307.

When weighing the relative benefits and costs, this Court has considered three factors: (1) whether the proposed stay would unduly prejudice the plaintiff; (2) whether the stay will simplify the issues to be tried; and (3) whether discovery is complete and a trial date has been set. *Id.* In this case, each of the three factors strongly supports granting a stay pending the outcome of the Patent Office's reexamination of the '497 Patent.

### A. A Stay Will Not Unduly Prejudice Or Present An Unfair Tactical Disadvantage To OPS

It is well established that "[t]he delay inherent to the reexamination process does not constitute, by itself, undue prejudice." *Photoflex Prods., Inc. v. Circa 3 LLC*, No. 04-03715, 2006 WL 1440363, at *2 (N.D. Cal. May 24, 2006); *see also Southwire Co. v. Cerro Wire, Inc.*, No. 08-92, at 7 (N.D. Ga. May 12, 2009) (attached as Ex. L) ("mere delay does not demonstrate undue prejudice") (quotations omitted). This litigation presents none of the additional factors that courts have considered when assessing potential prejudice due to a proposed stay.

- Defendants are not aware of any specific witnesses or evidence that might no longer be available after the reexamination.[3] *See Graywire,* No. 08-2993, at 10-11 (attached as Ex. K) (noting that, because the risk of evidence being lost or witnesses becoming unavailable is "inherently present whenever a stay is being considered," a party opposing a stay pending reexamination must "point to . . . specific evidence or witnesses that [are] the subject of this concern").

- OPS has not asserted any non-patent-based causes of action that would remain unresolved during the pendency of the stay. *See Imax Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1032-33 (C.D. Cal. 2005) (denying a stay "when reexamination potentially will eliminate only one issue out of many").

- This litigation does not involve multiple patents. *See Tomco*, 542 F. Supp. 2d at 1308 (considering effect of reexamination of one patent on claims relating to other patents asserted in same litigation).

Most importantly, OPS cannot be prejudiced by a delay because the '497 Patent expired months ago. OPS therefore cannot argue that it will be harmed by Defendants' current activities, and there is no possibility of an injunction. *Cf.*

---

[3] That being said, Defendants recognize that a stay brings with it the inherent risk that relevant evidence might be lost, especially by third parties who are unlikely to have implemented litigation holds or other measures to ensure proper evidence preservation. As this Court has noted, that risk by itself is not a sufficient reason to deny a stay. *See Graywire,* No. 08-2993, at 10-11 (attached as Ex. K). Moreover, the risk of any such loss going forward would have been substantially mitigated but for OPS's unjustified delay in filing this suit. Regardless, if this Court enters the proposed stay, Defendants would be amenable to allowing the parties to move forward with limited discovery, to seek evidence from third parties who may not otherwise be taking steps to preserve information.

*Southwire*, No. 08-92, at 7 (attached as Ex. L) (considering whether patent holder will suffer "irreparable injury that cannot be remedied by an award of monetary damages"). Indeed, courts routinely grant stays pending reexamination even where patents have *not* expired, because "the availability of money damages is sufficient to protect [a] plaintiff from prejudice." *Tomco*, 542 F. Supp. 2d at 1308 (quoting *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 752 (E.D. Tex. 2006)); *see also Unibind Ltd. v. Provo Craft and Novelty, Inc.*, No. 08-3713, at 4 (N.D. Ga. Feb. 27, 2009) (attached as Ex. M) (finding no undue prejudice because money damages would constitute adequate remedy for any continued infringement during pendency of reexamination). The facts in this case present a correspondingly stronger basis for granting a stay, because OPS is not incurring any ongoing damages and there is therefore is no need to determine whether money damages alone are sufficient compensation. For these reasons, OPS does not face any undue prejudice or tactical disadvantage, and this factor weighs strongly in favor of granting a stay pending the outcome of the Patent Office proceeding.

> **B. Reexamination Is Likely To Eliminate Issues And Narrow The Scope Of This Litigation**

It is highly likely that the reexamination process will result in the cancellation of at least some of the asserted claims of the '497 Patent, significantly

limiting the issues in the case. As noted above, according to statistics maintained by the Patent Office, 92% of *ex parte* requests for reexamination are granted, and 75% result in the amendment or cancellation of some or all claims. *See* Ex. A. Further, because the '497 Patent has expired, OPS will not have an opportunity to amend the claims: "[N]o amendment, other than the cancellation of claims, will be incorporated into [a] patent by a certificate issued after the expiration of the patent." 37 CFR § 1.530(j). For this reason, it will be impossible for OPS to rescue invalid claims by adding new limitations.

If the litigation and the reexamination are permitted to proceed in parallel, and the Patent Office cancels the asserted claims, the result would be a tremendous waste of time and resources. *See Southwire*, No. 08-92, at 9 (attached as Ex. L) ("[I]f the [Patent Office] cancels the claims of the '129 patent, this action will be moot."). OPS's allegations are extensive: OPS currently asserts infringement by twenty-five families of products manufactured by five companies. Defendants have identified and intend to pursue numerous defenses, which are likely to lead to a number of dispositive motions. These defenses include the following:

- The '497 Patent is invalid over the prior art and because of failures to comply with the formal requirements of the Patent Act;
- The accused products do not infringe the asserted claims;

- The court lacks jurisdiction and OPS lacks standing because CalTech, the owner of the patent, has not been named as a co-plaintiff;

- The '497 Patent is invalid for failure to name all of its inventors, including several researchers associated with the University of California, San Diego ("UCSD");

- UCSD is a co-owner of the '497 Patent because UCSD's researchers contributed to the inventions claimed in the Patent, and the court lacks jurisdiction and OPS lacks standing because UCSD has not been named as a co-plaintiff;

- The '497 Patent is not enforceable due to violations of the Bayh-Dole Act, 35 U.S.C. §§ 200-212, which governs federally funded patents (see '497 Patent at col. 1, lines 7-11);

- CalTech and its licensees failed to mark products with the patent number, resulting in a bar on damages pursuant to 35 U.S.C. § 287; and

- Pre-complaint damages are barred by laches.

These claims and defenses are highly fact-dependent and will require extensive discovery, including from third parties. The parties are poised to expend a vast amount of resources to litigate issues that may be entirely resolved by the Patent Office.

Finally, even if the Patent Office confirms some or all of the asserted claims, reexamination will help to clarify the issues for this Court by providing valuable analysis regarding patent validity and claim interpretation. *See Graywire,* No. 08-2993, at 16 (attached as Ex. K) (noting that reexamination would result in

simplification of issues because the Court would have the "assistance of 'the expert view of the PTO'" to facilitate its analysis) (quoting *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). Thus, in addition to the likelihood that a stay will conserve judicial and party resources, a stay is also warranted to help clarify the relevant issues for trial.

### C. This Action Is Still In Its Early Stages

This case is still in a preliminary posture. No trial date has been scheduled, nor has a claim construction hearing been calendared. *See* Docket No. 116. No claim construction disclosures have been served. No depositions have been taken and no dispositive motions have been filed. Sapoznikow Decl. ¶ 16.

This Court has granted stays pending reexamination at more advanced stages of litigation, and even on the eve of trial. In *Tomco*, this Court granted a stay where the request for reexamination was filed eleven months after filing of the complaint – three months later than in this case. 542 F. Supp. 2d at 1305. And in *Grayling Indus., Inc. v. GPAC, Inc.*, No. 89-451, 1991 WL 236196, at *1 (N.D. Ga. Mar. 25, 1991), the Court granted a stay nearly two years following the filing of the complaint and after issuance of the final pre-trial order. Because this Action is in the early stages, this factor, like the others, weighs strongly in favor of granting Defendants' motion.

## IV. CONCLUSION

For the reasons stated herein, Defendants respectfully request that this Court stay this Action pending the reexamination of the '497 Patent.

Respectfully submitted, this 21st day of December, 2009.

| O'MELVENY & MYERS LLP | DUANE MORRIS LLP |
|---|---|
| /s/ Mark E. Miller | /s/ Matthew S. Yungwirth |
| Mark E. Miller | L. Norwood Jameson |
| Admitted *pro hac vice* | Georgia Bar No. 003970 |
| E-mail: markmiller@omm.com | E-mail: wjameson@duanemorris.com |
| Michael Sapoznikow | Matthew S. Yungwirth |
| Admitted *pro hac vice* | Georgia Bar No. 783597 |
| E-mail: msapoznikow@omm.com | E-mail: msyungwirth@duanemorris.com |
| Two Embarcadero Center, 28th Floor | Leah J. Poynter |
| San Francisco, CA 94111-3823 | Georgia Bar No. 586605 |
| Tel: (415) 984-8700 | E-mail: lpoynter@duanemorris.com |
| Fax: (415) 984-8701 | 1180 W. Peachtree Street, Suite 700 |
| | Atlanta, GA 30309 |
| William H. Needle | Tel: (404) 253-6900 |
| Georgia Bar No. 536400 | Fax: (404) 253-6901 |
| E-mail: needlew@ballardspahr.com | |
| BALLARD SPAHR ANDREWS & INGERSOLL, LLP | Attorneys for Defendant Broadcom Corporation |
| 9999 Peachtree Street, 10th Floor | |
| Atlanta, Georgia 30309 | |
| Tel: (678) 420-9320 | |
| Fax: (678) 420-9301 | |
| | |
| Attorneys for Defendant Advanced Micro Devices, Inc. | |

| KIRKLAND & ELLIS LLP | PERKINS COIE LLP |
|---|---|
|     */s/ Todd M. Friedman*<br>Gregory S. Arovas<br>Admitted *pro hac vice*<br>E-mail: gregory.arovas@kirkland.com<br>Todd M. Friedman<br>Admitted *pro hac vice*<br>E-mail: todd.friedman@kirkland.com<br>601 Lexington Avenue<br>New York, NY  10022-4675<br>Tel:  (212) 446-4800<br>Fax:  (212) 446-4900<br><br>Kirk W. Watkins<br>Georgia Bar No. 750440<br>E-mail: KWatkins@wcsr.com<br>Matthew L. Jamison<br>Georgia Bar No. 142525<br>E-mail: MJamison@wcsr.com<br>WOMBLE CARLYLE SANDRIDGE & RICE, PLLC<br>271 17th Street NW<br>Suite 2400<br>Atlanta, GA  30363-1017<br>Tel:  (404) 872-7000<br>Fax:  (404) 888-7490<br><br>Attorneys for Defendant<br>Intel Corporation |     */s/ Chad S. Campbell*<br>Chad S. Campbell<br>Admitted *pro hac vice*<br>E-mail: CSCampbell@perkinscoie.com<br>2901 N. Central Avenue, Suite 2000<br>Phoenix, AZ  85012-2788<br>Tel:  (602) 351-8000<br>Fax:  (602) 648-7000<br><br>John E. Peterson<br>Admitted *pro hac vice*<br>E-mail: JEPeterson@perkinscoie.com<br>PERKINS COIE LLP<br>1888 Century Park East, Suite 1700<br>Los Angeles, CA  90067-1721<br>Tel:  (310) 788-3346<br>Fax:  (310) 788-3399<br><br>John L. Taylor<br>Georgia Bar No. 700400<br>E-mail: JTaylor@ctflegal.com<br>Sanjay Ghosh<br>Georgia Bar No. 141611<br>E-mail: SGhosh@ctflegal.com<br>CHOREY, TAYLOR & FEIL<br>A Professional Corporation<br>Suite 1700, The Lenox Building<br>3399 Peachtree Road, N.E.<br>Atlanta, GA  30326<br>Tel:  (404) 841-3200<br>Fax:  (404) 841-3221<br><br>Attorneys for Defendant<br>STMicroelectronics, Inc. |

| | |
|---|---|
| HOGAN & HARTSON, LLP<br><br>    */s/ Clayton C. James*<br>Clayton C. James<br>Admitted pro hac vice<br>Email: ccjames@hhlaw.com<br>One Tabor Center, Suite 1500<br>1200 Seventeenth Street<br>Denver, CO 80202<br>Tel: (303) 899-7300<br>Fax: (303) 899-7333<br><br>Raymond A. Kurz<br>Admitted *pro hac vice*<br>Email: rakurz@hhlaw.com<br>Celine Jimenez Crowson<br>Admitted *pro hac vice*<br>Email: cjcrowson@hhlaw.com<br>Robert J. Weinschenk<br>Admitted *pro hac vice*<br>Email: rjweinschenk@hhlaw.com<br>555 Thirteenth Street, NW<br>Washington, DC 20004<br>Tel: (202) 637-5600<br>Fax: (202) 637-5910<br><br>Attorneys for Defendant<br>Sun Microsystems, Inc. | Steven M. Kushner<br>Georgia Bar No. 430510<br>Email: skushner@fellab.com<br>Christina M. Baugh<br>Georgia Bar No. 241880<br>Email: cbaugh@fellab.com<br>FELLOWS LABRIOLA LLP<br>Suite 2300 South Tower<br>225 Peachtree Street, N.E.<br>Atlanta, GA 30303<br>Tel: (404) 586-9200<br>Fax: (404) 586-9201 |

SF1:781235.11

14