IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OPTIMUM PROCESSING SOLUTIONS, L.L.C., a Georgia Limited Liability Company,<br><br>    Plaintiff,<br><br>    v.<br><br>ADVANCED MICRO DEVICES, INC., *et al.*<br>    Defendants. | Civil Action No. 1:09-cv-1098 BBM |

**PLAINTIFF OPTIMUM PROCESSING SOLUTIONS, L.L.C.'S
BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STAY ACTION
PENDING [UNDECIDED REQUEST FOR] REEXAMINATION**

Plaintiff Optimum Processing Solutions, L.L.C. ("OPS") submits this brief in opposition to Defendants'[1] Motion To Say Action Pending [Undecided Request For] Reexamination and Incorporated Memorandum of Law in Support Thereof (the "Motion"). For the reasons set forth below, Defendants' Motion should be denied.

---

[1] The Motion was filed by Defendants Advanced Micro Devices, Inc, Broadcom Corporation, Intel Corporation, STMicroelectronics, Inc. and Sun Microsystems, Inc. This does not include the Defendants that have either settled, or have been dismissed in this matter.

2675186 v04

- 1 -

## I. PRELIMINARY STATEMENT

Through their Motion, Defendants have asked this Court to stay the present case pending the outcome of Defendant Advanced Micro Devices, Inc.'s December 18, 2009 request for *ex parte* reexamination of claims 1-4, 11, 12, 16-19, 34 and 35 of United States Patent No. 5,115,497 ("the "'497 Patent") (the "Request for Reexamination").  As an initial matter, the Motion is premature because the Request for Reexamination has not yet been granted by the U.S. Patent and Trademark Office ("PTO") and is likely to be denied in view of Defendants' apparent misapprehension of the prior art they claim establishes substantial new questions of patentability. However, even if the PTO grants the Request for Reexamination,[2] OPS does not expect that the claims of the '497 Patent asserted in this action will be affected by the prior art references identified by Defendants since they appear to be primarily cumulative of references already considered by the PTO.  Thus, the reexamination will fail to simplify most, if not all, of the issues currently before this Court.

---

[2]  The mere fact that the PTO may grant the Request for Reexamination should be given little, if any weight.  The Federal Circuit has emphasized that "the grant by the examiner of a request for reexamination is not probative on unpatentability." *Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996) (stating that "the grant of a request for reexamination, although surely evidence that the criterion for reexamination have been met … does not establish a likelihood of patent invalidity").

2675186 v04

Moreover, staying the current proceedings before this Court pending the Request for Reexamination will needlessly delay the litigation and likely cause irreparable harm OPS.

For these reasons, and as more fully explained below, Defendants' Motion should be denied.

## II.  SUMMARY OF RELEVANT FACTS

The '497 Patent relates to the art of computer processor design. Larry A. Bergman, the sole inventor of the subject matter claimed in the '497 Patent, assigned his interest in the '497 Patent to the California Institute of Technology. Thereafter the California Institute of Technology assigned certain rights in the '497 Patent to Acacia Patent Acquisition LLC ("APAC") on April 4, 2008. [See Exhibit D attached to the Declaration of Michael Sapoznikow in support of Defendants' Motion]. APAC then assigned its rights to OPS on March 24, 2009.

On April 24, 2009, OPS filed the present action in this Court. On October 19, OPS served its infringement contentions, identifying where each limitation can be found in the Accused Instrumentalities in this action.

Despite being on notice of the '497 Patent from at least as early as April 24, 2009, AMD did not file the Request for Reexamination until December 18, 2009.

III.     POINTS AND AUTHORITIES

It is well-settled that it is within the discretion of this Court to stay proceedings pending the conclusion of a reexamination. *See, e.g., Grayling Indus., Inc. v. GPAC, Inc.*, 19 U.S.P.Q.2d 1872, 1873 (N.D. Ga. 1991). Factors the court should consider in determining whether to stay litigation pending reexamination include whether: (1) the requested stay will simplify the issues in question, (2) the requested stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party, and (3) discovery is complete and/or a trial date is set. *See, e.g.,Whatley v. Nike, Inc.*, 54 U.S.P.Q.2d 1124, 1125 (D. Or. 2000).

Importantly, courts are not required to stay litigation merely because a reexamination request has been filed with the PTO. *See Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001) (affirming denial of motion to stay proceedings in light of ongoing reexamination); *see also NTP, Inc. v. Research in Motion, Inc.*, 397 F. Supp. 2d 785, 787 (E.D. Va. 2005) ("A court is under no obligation to delay its own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze."). Rather, this Court should evaluate each of the above factors in light of the issues presented in the Request for Reexamination. As

explained more fully below, an analysis of these factors weighs strongly against this Court issuing the stay requested in the Motion.

> A. Defendants Have Failed To Demonstrate That A Reexamination Of The '497 Patent Will Simplify Issues In The Case

Defendants have not—and cannot—meet their burden to establish that the requested stay during the reexamination of the '497 Patent will simplify the issues in this case.

> i. The Motion is Premature

Granting Defendants' Motion cannot "significantly limit" the issues to be tried as Defendants claim because, as an initial matter, the PTO has yet to decide whether to grant the Request for Reexamination. Pursuant to 35 U.S.C. § 303 (a), the PTO's decision on the Request for Reexamination is not due until March 18, 2010. Based on its review of the Request for Reexamination, OPS fully expects (i) the PTO to reject the Request for Reexamination or (ii) that the asserted claims of the '497 Patent will emerge from any reexamination substantially unchanged, with the same issues remaining for this Court. This Court is under no obligation to grant or deny a stay based on nothing more than Defendants' rank speculation about what the PTO may or may not do. *See NTP, Inc. v. Research in Motion, Ltd.*, 397 F. Supp. 2d 785, 788 (E.D. Va 2005) ("[r]egardless of which party's predictions this Court might adopt, any attempt at suggesting a likely time frame

and outcome of the PTO reexamination process is merely speculation."); *but see IMAX Corp. v. In-Three*, 385 F. Supp. 2d 1030, 1033 (C.D. Cal. 2005) (noting that it is statistically unlikely for the PTO to eliminate all patent claims following a granted request for reexamination).

      ii.    Defendants Are Not Estopped From Reasserting Before This Court Any Invalidity Arguments Raised In The Reexamination Process

As opposed to *inter partes* reexaminations, third party requesters in *ex parte* reexaminations are not statutorily estopped from arguing invalidly of the subject patents during subsequent litigation on grounds that were raised or could have been raised during reexamination. 35 U.S.C. §315(c). Here, if the PTO grants the Request for Reexamination, but does not modify or cancel any of the asserted claims of the '497 Patent, Defendants will almost certainly raise before this Court the arguments considered by the PTO—or which should have been raised by Defendants in the reexamination—in the instant litigation. While some district courts have expressly conditioned their issuance of a stay during reexamination upon a stipulation by the requestor not to challenge the reexamined patent(s) based on any prior art that was or should have been considered during the reexamination process, *see, e.g., Premier Int'l Assoc. LLC v. Hewlett-Packard Co.*, 554 F.Supp.2d 717, 724-725 (E.D. Tex. 2008), Defendants' Motion is telling in its

failure to offer to do so.  The resources of this Court and parties will be wasted if Defendants are allowed "two bites at the apple" to raise invalidity arguments considered and rejected by the PTO (or that Defendants should have raised but chose not do so because of some perceived advantage) in the reexamination proceeding.  Indeed, such conduct would further complicate this proceeding, not simplify it as claimed by Defendants.[3]

> B. A Stay Would Needlessly Delay This Action To The Advantage Of Defendants And Would Unduly And Irreparably Prejudice OPS

A stay of the current proceedings before this Court pending the Request for Reexamination will needlessly delay the litigation and irreparably harm OPS.  Defendants, to be successful in their Motion, "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [they] pray will work damage to someone else." *IMAX Corp. v. InThree, Inc.*, 385 F. Supp. 2d 1030,1032 (C.D. Cal. 2005) (quoting *Unidisco v. Schattner*, 210 U.S.P.Q. 622, 629 (D. Md. 1981)).  Simply put, Defendants cannot meet this burden.

---

[3] Defendants may also have an additional motive for their requested stay since any information that comes to light during the normal course of discovery in this action and that undercuts the arguments regarding invalidity asserted in the reexamination must be disclosed to the PTO during the reexamination by reason of the duty of candor.

Courts are increasingly finding that the lengthy delay in prosecuting reexamination proceedings before the PTO weighs against staying litigation. *See, e.g. Lexington Lasercomb I.P.A.G. v. GMR Prods., Inc.*, 442 F. Supp. 2d 1277, 1278 (S.D. Fla. 2006) ("Here, a stay of this action could result in an delay of months, if not years. Accordingly, this Court declines to stay, and thus prolong for an indefinite period of time, the instant litigation."); *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662-63 (E.D. Tex. 2005) (denying motion to stay and stating "[s]ome of the claims may change in this case, but the Court is of the opinion that the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case indefinitely on hold. Firm trial settings resolve cases and reduce litigation costs.").

Here, Defendants have failed to establish a clear case of hardship or inequity in being required to go forward in this matter, nor have they provided a valid reason to interfere with OPS's interest in the speedy resolution of this proceeding. Defendants' assertion that "[c]onsiderable resources will be conserved if this Court grants a stay *and* the Patent Office cancels claims" is without merit for several reasons. [Motion p. 2, emphasis added]. First, Defendants acknowledge that this is a two step contingency (*i.e.*, the Court must grant a stay AND the PTO must cancel all of the claims for there to be any

alleged conservation of resources).  Further, Defendants state that of the 92% of *ex parte* requests for reexamination that are granted, 75% result in the amendment or cancellation of some or all claims.  [Motion p. 9][4].  Given that the Request for Reexamination relies upon references that are at best cumulative, there is a likelihood that reexamination will not be ordered. Therefore proceeding with this case will not incur the "tremendous waste of time and resources" as Defendants claim.  [Motion p. 9].  The same issues regarding the validity of the claims of the `497 Patent can be tried in this Court with at least the same or greater efficiency as the Request for Reexamination before the PTO.

 As Defendants admit, the average pendency of *ex parte* reexaminations completed in 2009 is 31.5 months.  [Motion p. 5].  Moreover, the time to trial in this Court is approximately 30.5 months.[5]  Thus, if Defendant's Motion were granted AND the PTO grants the Request for Reexamination, this litigation will likely be prolonged for over 5 years.  This would further prejudice OPS because once the stay (if granted) is lifted after the resolution of the reexamination of the

---

[4] To be clear, by its own submissions, Defendants acknowledge that all claims are cancelled in *ex parte* reexaminations only 11% of the time, and claims are changed in *ex parte* reexaminations only 64% of the time.  [See Exhibit A attached to the Declaration of Michael Sapoznikow in support of Defendants' Motion].

[5] See Judicial Business of the United States Courts, 2008 Annual Report of the Director, Table C-10, pg. 191, attached hereto as Exhibit A.

'497 Patent, crucial evidence may be lost and witnesses' memories will likely have faded.  *See Alltech, Inc. v. Cenzone Tech, Inc.*, 2007 U.S. Dist. LEXIS 19989, *9 (S.D. Cal. 2007) (finding that risk witness memories may fade while waiting for reexamination to be a factor in denying motion to stay); *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 617 (E.D. Tex. 2007) (noting that "crucial witnesses are more likely to be located if discovery is allowed to proceed now, rather than later").  Indeed, Defendants have refused to date to produce any documents requested by OPS, despite OPS stating it was prepared to exchange documents last fall.

The key issues in this case concern questions of how Defendants' accused products function and whether one Defendant's infringement was willful.  These issues depend almost entirely on the testimony of Defendants' employees.  After a stay of three years, not to mention the time to trial in this Court, these witnesses' memories will most likely fade, or worse, these witnesses may be deceased or difficult to locate.  Because the subject matter of the '497 Patent concerns a rapidly changing area of technology, the delay sought by Defendants will mean that it will be increasingly difficult for OPS to find someone associated with these companies who understood how the accused products worked.  Simply put, the risk that key evidence relating to issues such as the development

and functionality of the accused products will likely be lost during a delay of more than 5 years—given the fast moving nature of this high technology industry—weighs strongly against the requested stay.

Although Defendants cite *Tomco2 Equip. Co. v. Southeastern Agri-Systems*, 542 F. Supp. 2d 1303 (N.D. Ga. 2008) to support a stay pending reexamination, the facts of that case are distinguishable. In *Tomco2* discovery was "on hold" pursuant to an agreement of the parties at the time the motion to stay pending reexamination was filed. *See id*. at 1308. Further, there were no allegations that either party would have problems finding witnesses after the stay. *Id.* at 1308. Significantly, while the *Tomco2* court expected that the reexamination proceeding was only "likely to take over one year," Defendants admit that the average pendency of *ex parte* examinations may take 31.5 months.

In addition, Defendants have not demonstrated that they will be prejudiced, or that the results of such parallel proceedings will be inconsistent, should this Court conduct this litigation in parallel with the reexamination. In fact, the Federal Circuit has acknowledged that it may decide the validity of the same patent based on issues presented to it simultaneously by the PTO's Board of Appeals and a district court. *In re Lueders*, 111 F.3d 1569 , 1577 (Fed. Cir. 1997) ("By enacting the Federal Courts Improvement Act [which created the Federal

2675186 v04

Circuit] , Congress made it altogether likely, if not intended, that we would find ourselves sitting in review of two or more rulings by two or more bodies on, for example, the invalidity of the same patent for obviousness over the same prior art. One such body could be the Board, after a reexamination, while one could be a different district court."). Because the PTO and federal court proceedings address different issues in a different manner, such parallel proceedings are entirely appropriate. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1428 (Fed. Cir. 1988) (stating "the awkwardness presumed to result if the PTO and court reach different conclusions is more apparent than real. The two forums take different approaches in determining invalidity and on the same evidence could quite correctly come to different conclusions."). For these reasons, Defendants' Motion must be denied.

### C.     Discovery Is Underway

Although discovery is in an early stage, it is underway.  OPS served requests for production of documents and things and interrogatories on Defendants on August 18, 2009. Defendants responded to these requests on October 1, 2009.  Further, Defendants served common requests for production of documents and things and interrogatories on OPS on August 18, 2009 and OPS responded on October 1, 2009.  OPS also responded to Intel's and Broadcom's

2675186 v04

specific requests for production of documents and things and interrogatories on October 1, 2009. As noted above, to date neither Defendants nor OPS have produced documents, but it is OPS's understanding that Defendants will be ready to exchange productions shortly. Staying the proceeding now will undermine the significant resources that have gone in to preserving, collecting and preparing these documents for production. Because discovery and reexamination, if granted, can proceed in parallel, Defendants' Motion should be denied.

## IV.   CONCLUSION

For the reasons stated above Defendants' Motion should be denied because the stay will not simplify issues, and because it will unduly prejudice OPS.

Respectfully submitted this 7th day of January, 2010.

**MORRIS, MANNING & MARTIN, LLP**

By: /s/ Bryan G. Harrison
      Bryan G. Harrison
      Georgia Bar No. 331750
      W. Andrew McNeil
      Georgia Bar No. 498636

Attorneys for Plaintiff Optimum Solutions, L.L.C.

1600 Atlanta Financial Center
3343 Peachtree Road, N.E.

2675186 v04

- 13 -

Atlanta, Georgia 30326-1044
Telephone: (404) 233-7000
Fax: (404) 365-9532

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1D, the undersigned counsel certifies that the foregoing has been prepared in Book Antiqua 13 point, one of the four fonts and points approved by the Court in LR 5.1C.

/s/ Bryan G. Harrison
Bryan G. Harrison
Georgia Bar No.  331750

2675186 v04

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OPTIMUM PROCESSING SOLUTIONS, L.L.C., a Georgia Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED MICRO DEVICES, INC., *et al.* <br> Defendants. | ) ) ) ) ) ) ) ) Civil Action No. 1:09-cv-1098 BBM ) ) ) ) ) |

### CERTIFICATE OF SERVICE

I hereby certify that on this January 7, 2010, I caused the within and foregoing **PLAINTIFF OPTIMUM PROCESSING SOLUTIONS, L.L.C.'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STAY ACTION PENDING [UNDECIDED REQUEST FOR] REEXAMINATION** to be filed electronically with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

/s/ Bryan G. Harrison
Bryan G. Harrison
Georgia Bar No. 331750

MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center

2675186 v04

3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044

Case 1:09-cv-01098-TCB Document 135 Filed 01/07/10 Page 17 of 17

2675186 v04