IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OPTIMUM PROCESSING SOLUTIONS, L.L.C., ) ) ) | |
| ) | CIVIL ACTION FILE |
| Plaintiff, ) ) | NUMBER 1:09-cv-1098-TCB |
| v. ) ) | |
| INTEL CORPORATION, ) ) | |
| Defendant. ) | |

## **O R D E R**

This matter is before the Court on Plaintiff Optimum Processing Solutions, L.L.C.'s ("OPS") objections [268] to Special Master James L. Ewing, IV's Report and Recommendation (the "Indefiniteness R&R") [260], which recommends that Defendant Intel Corporation's motion for summary judgment [210] be granted; and Defendant Intel Corporation's objections [267] and OPS's objections [269] to Ewing's Report and Recommendation (the "Claim-Construction R&R") [259], which resolves the parties' disputes with respect to claim construction.

I.   **Legal Standard**

The Court must decide de novo all objections to findings of fact and law made or recommended by a special master.  FED. R. CIV. P. 53(f)(3) & (4).  The Court has conducted a careful review of the R&Rs and OPS's objections thereto.  Having done so, the Court finds that Special Master Ewing's factual and legal conclusions were correct in both R&Rs and that the parties' objections have no merit.

II.   **OPS's Objections**

With respect to OPS, its objections to both R&Rs are the same.[1]  OPS contends that the R&Rs erroneously concluded that several of its claims were not amenable to construction or insolubly ambiguous and thus indefinite.  OPS argues that the terms challenged by Intel as being indefinite are in fact "capable of being given—by one of ordinary skill in the art—a reasonable meaning, when read in light of the intrinsic evidence."

The Indefiniteness R&R found the following terms insolubly ambiguous and not amenable to construction: "optimized," "optimum manner," "accepting dynamic inputs designating changes in an operating

---

[1] Specifically, in response to the claim-construction R&R, OPS incorporates its objections filed in response to the indefiniteness R&R.

2

environment of the computer," "dynamic conditions," and "element selection logic means."  These findings are also reflected, where appropriate, in the Claim-Construction R&R.

With respect to "optimized" and "optimum manner," OPS contends that it is clear that optimized means "specially designed," and optimum manner means "logical sequences are performed by elements specifically designed to perform such sequences."  However, the record does not support such definitions; accordingly, OPS's objections fail to show how its proposed definitions defeat Intel's motion for summary judgment.

OPS next argues that the "processor selection logic" box shown in the patent connotes sufficient structure for the "element selection logic means." However, its objections still fail to provide countervailing evidence showing that the box would be understood by a person of ordinary skill in the art to constitute corresponding structure for the element selection logic means.

OPS's final argument challenges the Indefiniteness R&R's finding that the terms "dynamic input" and "accepting dynamic inputs designating changes in an operating environment of the computer" are indefinite. However, OPS fails to show how its distinction of "effect" versus "example" renders the Indefiniteness R&R's findings incorrect.  It has not provided

3

any evidence that refutes the Indefiniteness R&R's finding that a person of ordinary skill in the art would not be able to determine the limits of these terms.

III.   Intel's Objections

Intel filed objections only to the Claim-Construction R&R, challenging the construction of the term "element." It contends that OPS stated during the reexamination of the subject patent that "element" may not share input or output buses with other elements. Intel argues that this representation constitutes prosecution disclaimer and that the Claim-Construction R&R erred in finding no disclaimer. However, the R&R properly concluded that OPS's statement did not result in disclaimer, given that the prosecution history cited by Intel is subject to multiple interpretations.

IV.   Conclusion

Finding the R&Rs' legal conclusions and factual findings to be correct and the parties' respective objections without merit, the Court ADOPTS AS

ITS ORDER both R&Rs [259, 260].  Intel's motion for summary judgment [210] is GRANTED.

IT IS SO ORDERED this 24th day of August, 2012.

Timothy C. Batten, Sr.
United States District Judge