# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| OPTIMUM PROCESSING SOLUTIONS, L.L.C., a Georgia Limited Liability Company, | ) ) ) ) |
| Plaintiff, | ) Civil Action No. ) 1:09-CV-1098-TCB |
| v. | ) ) ) |
| ADVANCED MICRO DEVICES, INC., *et al.* | ) ) ) |
| Defendants. | ) ) |

## FINAL JUDGMENT OF INVALIDITY AND STIPULATED FINAL JUDGMENT OF NON-INFRINGEMENT

This matter having come before the Court on the pleadings of record and it being represented that Plaintiff Optimum Processing Solutions, L.L.C. ("OPS") and defendant Intel Corporation ("Intel"), by and through their undersigned counsel, have stipulated and agreed to the findings contained herein, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. On April 24, 2009, OPS initiated this action against Intel and asserted that Intel infringes United States Patent No. 5,115,497 ("the '497 Patent").

2. On October 19, 2009, pursuant to Local Patent Rule 4.1, OPS served its "Initial Local Patent Rule Infringement Contentions," in which OPS accused Intel's Core Solo, Core Duo, Core 2 Solo, Core 2 Duo, Core 2 Extreme Edition, Core 2 Quad, Core i7 Quad, Core i7 Extreme Edition, Itanium, and Itanium 2 processors (collectively the "Accused Intel Products") of infringing independent claims 11 and 16 and dependent claims 12 and 17 of the '497 Patent.

3. On August 24, 2012, this Court entered an Order (D.I. 270) adopting as its Claim Construction Order the Special Master's July 10, 2012 Report and Recommendation on Claim Construction (D.I. 259).

4. OPS and Intel stipulate and agree that the Accused Intel Products have not infringed and do not infringe claims 11, 12, 16, and 17 of the '497 Patent as construed by the Court.

5. Based on this Court's claim constructions, final judgment of non-infringement of claims 11, 12, 16, and 17 of the '497 Patent is hereby entered against OPS and in favor of Intel on OPS's patent infringement claims regarding the Accused Intel Products.

6. On July 10, 2012, the Special Master appointed by this Court also submitted a Report and Recommendation on Intel Corporation's Motion for Summary Judgment of Invalidity as to Asserted Claims (D.I. 260, "Summary Judgment R&R").

The Summary Judgment R&R recommended that Intel's motion for summary judgment be granted that claims 11, 12, 16 and 17 of the '497 Patent are indefinite and thus invalid.

7. On August 24, 2012, this Court entered an Order (D.I. 270) adopting the Special Master's Summary Judgment R&R in its entirety and granting Intel's motion for summary judgment on all grounds. Accordingly, final judgment of invalidity of claims 11, 12, 16, and 17 of the '497 Patent is hereby entered against OPS in favor of Intel.

8. On September 14, 2012, the Court entered an Order (D.I. 271) awarding Intel its reasonable attorney's fees and expenses incurred with Intel's Motion to Compel (D.I. 234).

9. The parties agree that the claims, counterclaims, and defenses of OPS and Intel are dismissed with prejudice and that Intel waives any right to seek costs and/or fees in connection with this action in return for payment of a specific sum by OPS, OPS's waiver of any right to appeal this Final Judgment, and OPS's agreement that it cannot and will not revive any of its claims against Intel or against any of Intel's customers. Accordingly, this Court hereby ORDERS THAT:

A. Final judgment of non-infringement of claims 11, 12, 16, and 17 of the '497 Patent is hereby entered in favor of Defendant Intel as to the Accused Intel Products.

B. Final judgment of invalidity of claims 11, 12, 16, and 17 of the '497 Patent under 35 U.S.C. § 112 is hereby entered.

C. All remaining claims, counterclaims, and defenses of OPS and Intel are dismissed with prejudice. Intel does not have a right to seek costs and/or fees in connection with this action. OPS does not have a right to revive or appeal any of its claims against Intel or against any of Intel's customers. The Court will have jurisdiction over any dispute that should arise in connection with any settlement agreement, as long as notice of such dispute is filed with the Court within ninety (90) days of this Order.

D. All claims in this action having now been either adjudicated or dismissed by this Court, this will be the Final judgment of this Court.

SO ORDERED:

DATE: __September 27, 2012__   _____
Timothy C. Batten, Sr., JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

AGREED TO AND ACCEPTED BY:

| MORRIS MANNING & MARTIN LLP | WOMBLE CARLYLE SANDRIDGE & RICE, PLLC |
|---|---|
| */s/ Bryan G.Harrison* <br> Bryan G. Harrison <br> Georgia Bar No. 331750 <br> W. Andrew McNeil <br> Georgia Bar No. 498636 <br> 1600 Atlanta Financial Center <br> 3343 Peachtree Road, N.E. <br> Atlanta, Georgia 30326-1044 <br> Tel: (404) 233-700 <br> Fax: (404) 365-9532 <br><br> *Attorneys for Plaintiff Optimum Processing Solutions, L.L.C.* | */s/ Kirk W. Watkins* <br> Kirk W. Watkins <br> Georgia Bar No. 740550 <br> E-mail: KWatkins@wcsr.com <br> Matthew L. Jamison <br> Georgia Bar No. 142525 <br> E-mail: MJamison@wcsr.com <br> 271 17th Street NW <br> Suite 2400 <br> Atlanta, GA  30363-1017 <br> Tel:  (404) 872-7000 <br> Fax:  (404) 888-7490 <br><br> Gregory S. Arovas <br> Admitted *pro hac vice* <br> E-mail: gregory.arovas@kirkland.com <br> Todd M. Friedman <br> Admitted *pro hac vice* <br> E-mail: todd.friedman@kirkland.com <br> KIRKLAND & ELLIS LLP <br> 601 Lexington Avenue <br> New York, NY  10022-4675 <br> Tel:  (212) 446-4800 <br> Fax:  (212) 446-4900 <br><br> *Attorneys for Defendant Intel Corporation* |